**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KEVIN P. CORRELL,

       *Plaintiff*,

    v.

U.S. PATENT AND TRADEMARK
OFFICE, *et al.*,

       *Defendants*.

Civil Action No. 25-1169 (SLS)

Judge Sparkle L. Sooknanan

**<u>MEMORANDUM OPINION</u>**

Kevin P. Correll served as an engineer in the United States Navy while he also operated a private legal practice for patent and trademark services based in Rhode Island. In 2021, the United States Patent and Trademark Office (USPTO) suspended Mr. Correll from practicing before the agency for five years for violating USPTO rules. Mr. Correll brought this lawsuit to challenge that suspension under the Constitution and the Administrative Procedure Act (APA). The Defendants, the USPTO and former Acting Under Secretary of Commerce for Intellectual Property and Acting Director of the USPTO Coke Morgan Stewart, now move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, in the alternative, to transfer this case to the Eastern District of Virginia under 28 U.S.C. § 1404. The Court concludes that transfer is appropriate, and it therefore takes no position regarding whether this District is an appropriate venue.

**BACKGROUND**

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023).

Mr. Correll is a former engineer with the United States Navy where he worked in Newport, Rhode Island. Compl. Ex. C at 2, ECF No. 1-1. While working as a federal employee, Mr. Correll "owned and operated a private law firm" based in Rhode Island, which provided "patent and trademark legal services to the public." *Id.*; Compl. Ex. A at 6, ECF No. 1-1.

In February 2017, the USPTO initiated an investigation into Mr. Correll's legal practice. Compl. ¶¶ 24–25, ECF No. 1. A year later, the USPTO Office of Enrollment and Discipline filed a complaint "seeking [Mr. Correll's] exclusion or suspension as a USPTO practitioner based upon his dual work activities" as a federal employee and private patent attorney. Ex. C at 9. An administrative law judge (ALJ) concluded at summary judgment that Mr. Correll "violated the USPTO Code and USPTO rules"; held a hearing on sanctions in Providence, Rhode Island; and later issued a final decision concluding that Mr. Correll should be suspended from practice before the USPTO for five years. Ex. C at 10–11. The USPTO affirmed. *Id.* at 22. This caused Mr. Correll's Massachusetts law license to be "reciprocally suspended for three years." Compl. ¶ 41.

Mr. Correll initially sued to challenge his suspension in the United States District Court for the Eastern District of Virginia. Compl. ¶ 18. He twice sought a preliminary injunction, arguing that the suspension violated his First Amendment rights and that the disciplinary proceedings were barred by the statute of limitations. *Correll v. Under Sec'y of Com. of Intell. Prop.*, No. 21-cv-898, 2022 WL 298125, at *2 (E.D. Va. Jan. 13, 2022). The Eastern District of Virginia denied both motions. *Id.* at *3. He then appealed those denials to the United States Court of Appeals for the Federal Circuit, which affirmed. Compl. ¶ 19; *see Correll v. Vidal*, No. 2022-1420, 2022 WL 2564106, at *6 (Fed. Cir. July 8, 2022).

Almost three years later, in April 2025, Mr. Correll filed this action. *See generally* Compl. His Complaint raises fifteen claims under the Constitution and the APA. Compl. ¶¶ 51–211. In August 2025, the Defendants moved to dismiss under Rule 12(b)(3) or, in the alternative, to transfer this case to the Eastern District of Virginia under 28 U.S.C. § 1404. Mot. Dismiss 1, ECF No. 12. That motion is fully briefed and ripe for review. Opp'n, ECF No. 14; Reply, ECF No. 16; Surreply, ECF No. 18.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) is intended "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26–27 (1960)).

"The threshold question under section 1404(a) is whether the action 'might have been brought' in the transferee district." *SEC v. RPM Int'l, Inc.*, 223 F. Supp. 3d 110, 114 (D.D.C. 2016) (quoting 28 U.S.C. § 1404(a)). "After establishing that the threshold requirement has been met, the Court 'must balance case-specific factors which include the private interests of the parties as well as public interests such as efficiency and fairness.'" *Id.* at 114–15 (quoting *The Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 12 (D.D.C. 2000)). The private-interest factors include: "(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses; and (6) the ease of access to sources of proof." *Tower Lab'ys, Ltd. v. Lush Cosms. Ltd.*, 285 F. Supp. 3d 321, 325 (D.D.C. 2018) (quoting *Douglas v. Chariots for Hire*, 918 F. Supp. 2d 24, 31 (D.D.C. 2013)). The public-interest factors include: "(1) the transferee's familiarity with the governing

laws; (2) the relative congestion of the calendar of the transferor and transferee courts; and (3) the local interest in having local controversies decided at home." *Id.* (quoting *Douglas*, 918 F. Supp. 2d at 31). "The burden is on the moving party to establish that transfer is proper." *Id.* (quoting *Douglas*, 918 F. Supp. 2d at 31).

### DISCUSSION

The Defendants move to transfer this case to the Eastern District of Virginia. After weighing the factors under 28 U.S.C. § 1404(a) discussed below, the Court agrees that transfer to that district is appropriate.[1]

The Eastern District of Virginia meets the threshold requirement that Mr. Correll's lawsuit "might have been brought" there. 28 U.S.C. § 1404(a). "A civil action in which a defendant is . . . an agency of the United States . . . may . . . be brought in any judicial district in which . . . a defendant in the action resides[.]" *Id.* § 1391(e)(1). Here, the USPTO's residence is considered to be the location of its headquarters (Alexandria, Virginia), which is in the Eastern District of Virginia. *See USPTO Headquarters*, USPTO, https://www.uspto.gov/about-us/uspto-locations/headquarters [perma.cc/62AW-8CFJ]; 35 U.S.C. § 1(b) ("The [USPTO] shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located."). Accordingly, the Court turns to the private- and public-interest factors.

### A.    Private-Interest Factors

*The Plaintiff's choice of forum.* "Courts ordinarily accord significant deference to a plaintiff's choice of forum[.]" *SEC v. Musk*, No. 25-cv-105, 2025 WL 2803858, at *2 (D.D.C. Oct.

---

[1] The Defendants also argue that 35 U.S.C. § 32 "expressly limit[s] venue" for challenges to USPTO disciplinary actions to the Eastern District of Virginia, and that venue in this District is not otherwise proper under 28 U.S.C. § 1391. Mot. Dismiss 4–5. Because the Court concludes that transfer is appropriate even if venue in this District is proper, it does not address whether the Eastern District of Virginia is the exclusive venue for Mr. Correll's lawsuit.

2, 2025) (quoting *W. Watersheds Proj. v. Pool*, 942 F. Supp. 2d 93, 97 (D.D.C. 2013)). "But that deference is diminished where that forum has no meaningful ties to the controversy and no particular interest in the parties or subject matter." *Id.* (cleaned up). Here, as far as the Court is aware, the only connection this case has to this District is that the ALJ listed "Washington, D.C." in her signature block at the end of both her Order on Motions for Summary Judgment and her Initial Decision. Compl. Ex. D at 26, ECF No. 1-1; Compl. Ex. E at 38, ECF No. 1-1. All other aspects of Mr. Correll's claims are connected to the District of Rhode Island or the Eastern District of Virginia. Accordingly, Mr. Correll's choice of forum is entitled to little deference.

*The Defendants' choice of forum*. "While a defendant's choice of forum is a consideration when deciding a § 1404(a) motion, it is not ordinarily entitled to deference." *Tower Lab'ys*, 285 F. Supp. 3d at 326. The Defendants here have not proffered any basis to conclude that their choice of forum is entitled to special deference, meaning that this factor is neutral.

*Whether the claim arose elsewhere*. "Transfer is favored when 'the material events that form the factual predicate of the plaintiff's claim did not occur in the plaintiff's chosen forum.'" *Musk*, 2025 WL 2803858, at *4 (quoting *RPM Int'l*, 223 F. Supp. 3d at 116). That is the case here. The conduct underlying Mr. Correll's disciplinary proceeding occurred in Rhode Island, and the ALJ held the hearing in that proceeding there. And the location of the USPTO, whose decision Mr. Correll challenges in this action, is Alexandria, Virginia. As noted above, the only connection this case has to this District is "Washington, D.C." being listed in the signature block of the ALJ's decisions. Thus, this factor favors transfer.

*The convenience of the parties, the convenience of the witnesses, and the ease of access to sources of proof*. Mr. Correll represents that he "resides in Rhode Island" and that "Washington, D.C. is at least as accessible as Alexandria, Virginia." Opp'n 11. He also says that his claims can

be resolved on the existing administrative record. *Id.* It therefore seems that the Eastern District of Virginia is no less convenient for Mr. Correll than this District, and that transfer would impose no burdens with respect to evidence. Indeed, Mr. Correll previously brought an action in the Eastern District of Virginia raising similar arguments challenging the disciplinary proceeding. *Correll*, 2022 WL 298125, at *1. These factors are neutral.

### B.    Public-Interest Factors

*The transferee's familiarity with the governing laws.* Mr. Correll argues that his factor "strongly favors keeping venue here" because the governing standard is a D.C. Circuit case. Opp'n 12. The Court disagrees. "[A]ll federal courts are presumed equally familiar with the federal statutes [and constitutional provisions] at issue here." *Musk*, 2025 WL 2803858, at *6 (quoting *SEC v. Hutchison*, No. 22-cv-2296, 2023 WL 6529544, at *1 (D.D.C. Sept. 20, 2023)). And the Eastern District of Virginia is of course not compelled to apply a D.C. Circuit precedent. Indeed, Mr. Correll acknowledges that the Eastern District "is not bound by D.C. Circuit precedent"—yet he confusingly argues that transfer "risks departure from the standards that should control the analysis." Opp'n 13. Mr. Correll may certainly present any arguments regarding the appropriate standard to the receiving court in the Eastern District of Virginia, and this Court does not doubt that court will capably apply the governing law. Thus, this factor is neutral.

*The relative congestion of the transferor and transferee courts.* "To assess this factor, courts in this District have considered statistics including the average number of cases pending per judgeship and the median times from filing to disposition or trial." *Musk*, 2025 WL 2803858, at *6. According to the most recent data from the Judiciary, this District has an average of 461 cases pending per judgeship, versus 411 pending cases per judgeship in the Eastern District of Virginia; the median time from filing to disposition in this District is 7.7 months, versus 5.6 in the Eastern

District. *Federal Court Management Statistics*, U.S. Courts (Sept. 30, 2025), https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0930_2025.pdf [perma.cc/QJY6-7YPK]. This indicates that courts in the Eastern District of Virginia are on average slightly less congested than this Court, which minorly weighs in favor of transfer.

    *The local interest in having local controversies decided at home*. This factor seeks to ensure that "concerned members" of the population affected by a case "can engage with the proceedings." *Wilderness Workshop v. Harrell*, 676 F. Supp. 3d 1, 7 (D.D.C. 2023). The only location that can claim such a connection to this case is Rhode Island, which is neither Mr. Correll's nor the Defendants' preferred forum. Mr. Correll argues that this District has a local interest in this case because the case concerns "federal agency overreach within this District" and "D.C.-based officials." Opp'n 13. But as described above, the only connection this case has to this District based on the current record is the mention of "Washington, D.C." in the ALJ's signature block. In the context of this case, the Court does not consider that sufficient to manifest a local interest. This factor is neutral.

*    *    *

    Weighing these factors together, the Court concludes that transfer is warranted. Mr. Correll's claims have a limited connection to this District and stronger connections to the Eastern District of Virginia, overcoming the weak deference afforded to Mr. Correll's forum choice. And courts in the Eastern District appear slightly less congested than this Court. No factor meaningfully weighs against transfer. The Court understands that Mr. Correll is unhappy that a court in the Eastern District previously dismissed a similar challenge, *see* Opp'n 13, but that does not mean that it is appropriate to bring a reformulated challenge before a different court.

7

**CONCLUSION**

For the foregoing reasons, the Court grants in part the Defendants' Motion to Dismiss, or in the Alternative, to Transfer, ECF No. 12. The Court directs the Clerk of the Court to transfer this case to the United States District Court for the Eastern District of Virginia. A separate order will issue.

 

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:   February 5, 2026